# 23-1240-cv

# United States Court of Appeals
### *for the*
# Second Circuit

MARCO ANTONIO PEREZ PEREZ, on their own behalf and on behalf of others similarly situated, JOSE EDUARDO SANCHEZ ARIAS, on their own behalf and on behalf of others similarly situated,

*Plaintiffs-Appellants,*

AARON TOWNSEND, MARTIN GALVAN GUEVARA,
OSCAR GARZA, VINCENTE PADILLA, KASHEEM C HILL,
MARTIN JR. GALVAN, DIEGO BECERRA VILLASENOR,

*Plaintiffs,*

— v. —

ESCOBAR CONSTRUCTION, INC., NATIONS CONSTRUCTION, INC., JRS SERVICES, LLC, JENNY CAROLINA ALVAREZ, JHONY ARIS ESCOBAR, ELIAS OSMIN ALVAREZ PALACIOS, AKA Elias Escobar,

*Defendants-Appellees,*

JHONY A ESCOBAR, ELIAS O PALACIOS, AKA Elias Escobar,
NATALIE PALACIOS, LUIS ENRIQUE MONZON,

*Defendants.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES

DANIEL GRACE
DANNY GRACE PLLC
*Attorneys for Defendants-Appellees*
225 Broadway, Suite 1200
New York, New York 10007
(212) 202-2485

CP COUNSEL PRESS    (800) 4-APPEAL • (326408)

## <u>CORPORATE DISCLOSURE STATEMENT</u>

1.      Escobar Construction, Inc.  ("Escobar Construction") is not a

publicly traded Corporation or entity, and it filed for bankruptcy in the United States

Bankruptcy Court, Southern District of Indiana, Case Number 22-02606-RLM-11.

On December 6, 2022, the Bankruptcy Court ordered that Escobar Construction, Inc.

has no assets remaining and that any scheduled property of the estate is abandoned.

Mr. Jhony Escobar is the only member of Escobar Construction and filed for

personal bankruptcy in the United States Bankruptcy Court, Southern District of

Indiana, case number 23-00782-RML-7. On June 2, 2023, the Bankruptcy Court

ordered that Mr. Escobar is entitled to a discharge under 11 U.S.C. §727.

2.      JRS Services, LLC is not a publicly traded corporation or entity, and it

was dissolved on August 19, 2020.

3.      Nations Construction is not a publicly traded corporation or entity and

it was dissolved on March 26, 2020.

Dated: New York, NY
             December 22, 2023

/s/Daniel Grace
Daniel Grace, Esq
Yuting Li, Esq.
Douglas Mace, Esq.
Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
*Attorneys for Defendants-Appellee*

## **TABLE OF CONTENTS**

TABLE OF AUTHORTIIES ................................................................. ii

INTRODUCTION ............................................................................1

JURISDICTIONAL STATEMENT ....................................................2

STATEMENT OF THE CASE AND OF THE FACTS ........................3

   I.   Relevant Factual Background..........................................................3

      A.  Appellants' Conclusory Allegations as to Corporate Appellees .................4

      B.  Appellants' Conclusory Allegations as to Individual Appellees.................5

   II.  Relevant Procedural Background ...................................................7

SUMMARY OF ARGUMENT...........................................................8

STANDARD OF REVIEW ..............................................................10

ARGUMENT ...................................................................................11

   I.   Appellants' Brief Should Be Dismissed Because of its Deficiencies ...........11

   II.  Appellees' Motion to Dismiss Was Timely Filed...........................12

      A.  Appellants' New Argument Should Not Be Considered...........................12

      B.  Appellees Were Entitled to File a Motion to Dismiss Appellants' SAC.....13

   III. Appellants Fail to Make a Plausible Threshold Showing That Appellees Are Their Employers.....................................................................14

      A.  Appellants Fail to Make a Plausible Threshold Showing That Individual Appellees Are Their Employers.................................................16

      B.  Appellants Fail to Make a Plausible Threshold Showing That Corporate Appellees Are Their Employers.................................................24

CONCLUSION ...............................................................................30

# TABLE OF AUTHORTIIES

<u>**Cases**</u>

<u>Allianz Insurance Co. v. Lerner,</u>
> 416 F.3d 109(2d Cir.2005)...........................................................13

<u>Apolinar v. R.J. 49 Rest., LLC,</u>
> No. 15-cv-8655-KBF, 2016 WL 2903278(S.D.N.Y. May 18, 2016)..........30

<u>Arculeo v. On-Site Sales & Mktg., LLC,</u>
> 425 F.3d 193(2d Cir. 2005)...........................................................24

<u>Ashcroft v. Iqbal,</u>
> 556 U.S. 662, 129 S.Ct. 1937(2009) ..........................................10, 11, 24, 25

<u>Bao Guo Zhang v. Shun Lee Palace Rest., Inc.,</u>
> No. 17-CV-00840 (VSB), 2021 WL 634717 (S.D.N.Y. Feb. 16, 2021)......22

<u>Barfield v. New York City Health & Hosps. Corp.,</u>
> 537 F.3d 132 (2d Cir. 2008).................................................... 15, 26

<u>Bell Atl. Corp. v. Twombly,</u>
> 550 U.S. 544, 127 S.Ct. 1955 (2007) ...........................................11

<u>Bogle-Assegai v. Connecticut,</u>
> 470 F.3d 498(2d Cir. 2006).................................................... 12, 13

<u>Brown v. Daikin Am. Inc.,</u>
> 756 F.3d 219 (2d Cir. 2014) .......................................................28

<u>Carter v. Dutchess Community College,</u>
> 735 F.2d 8, 12 (2d Cir.1984) ...............................................3, 15

<u>Chambers v. Time Warner, Inc.,</u>
> 282 F.3d 147 (2d Cir. 2002) ......................................................10

Chavis v. Chappius,
     618 F.3d 162 (2d Cir. 2010) ............................................................. 18, 23

Cook v. Arrowsmith Shelburne, Inc.,
     69 F.3d 1235 (2d Cir.1995) ...................................................................28

Greene v. United States,
     13 F.3d 577 (2d Cir.1994). ....................................................................29

Griffin v. Sirva Inc.,
     835 F.3d 283 (2d Cir. 2016), certified question accepted sub nom.
     Griffin, Michael Godwin v. Sirva, Inc., 28 N.Y.3d 956, 60 N.E.3d 420
     (2016), and certified question answered, 29 N.Y.3d 174, 76 N.E.3d 1063
     (2017) .....................................................................................................26

Gulino v. N. Y. State Educ. Dep't,
     460 F.3d 361 (2d Cir. 2006) ..................................................................26

Herman v. RSR Sec. Servs. LTD.,
     172 F.3d 132 (2d Cir. 1999) ..................................................................15

Huer Huang v. Shanghai City Corp.,
     459 F. Supp. 3d 580(S.D.N.Y. 2020) ....................................................28

In re Liu,
     282 F. App'x 7 (2d Cir. 2008) ...............................................................12

In re Roman,
     601 F.3d 189 (2d Cir. 2010) ..................................................................12

International Controls Corp. v. Vesco,
     556 F.2d 665(2d Cir. 1977), cert. denied, 434 U.S. 1014, 98 S.Ct. 730
     (1978). ....................................................................................................13

Irizarry v. Catsimatidis,
     722 F.3d 99(2d Cir. 2013) .......................................................... 15, 21, 24

Kelleher v. Fred A. Cook, Inc.,
        939 F.3d 465 (2d Cir. 2019) ...................................................................10

L. Rosario v. Mis Hijos Deli Corp.,
        No. 15-CV-6049 (LTS) (DCF), 2018 WL 4636822(S.D.N.Y. Sept. 27,
        2018) .....................................................................................................16

Lundy v. Catholic Health Sys. of Long Island Inc.,
        711 F.3d 106 (2d Cir. 2013) ..................................................................19

Mathie v. Goord,
        267 F. App'x 13 (2d Cir. 2008) ..............................................................28

Matson v. Bd. of Educ. Of City Sch. Dist. Of New York,
        631 F.3d 57 (2d Cir. 2011) .....................................................................11

Moates v. Barkley,
        147 F.3d 207 (2d Cir. 1998) .....................................................................8

Murray v. Miner,
        74 F.3d 402 (2d Cir. 1996) .....................................................................26

N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC,
        709 F.3d 109 (2d Cir. 2013) ...................................................................10

Nandkumar v. AstraZeneca PLC,
        No. 22-2704-CV, 2023 WL 3477164 (2d Cir. May 16, 2023)...............18

Parker v. Columbia Pictures Indus.,
        204 F.3d 326 (2d Cir. 2000) ...................................................................27

Patel v. Contemp. Classics of Beverly Hills,
        259 F.3d 123 (2d Cir. 2001) ...................................................................14

Perry v. NYSARC, Inc.,
        424 F. App'x 23 (2d Cir. 2011) ................................................... 16, 19, 20

iv

Rivera v. Home Depot USA, Inc.,
    776 F. App'x 4 (2d Cir. 2019) ....................................................13

Roth v. Jennings,
    489 F.3d 499  (2d Cir. 2007) ....................................................21

Rutherford Food Corp. v. McComb,
    221 U.S.722,67 S.Ct. 1473(1947)............................................15

Salahuddin v. Jones,
    992 F.2d 447(2d Cir.1993)........................................................21

Scott v. City of New York Dep't of Corr.,
    641 F.Supp.2d 211 (S.D.N.Y.2009), aff'd, 445 Fed.Appx. 389 (2d
    Cir.2011) ...................................................................... 17, 29

Shah v. Helen Hayes Hosp.,
    252 F. App'x 364 (2d Cir. 2007) ....................................... 17, 29

Shi Ming Chen v. Hunan Manor Enter., Inc.,
    No. 17 CIV. 802 (GBD), 2018 WL 1166626 (S.D.N.Y. Feb. 15, 2018) ..25

Sowe v. Pall Corp.,
    778 F. App'x 20 (2d Cir. 2019) ................................................13

Tapia v. Blch 3rd Ave LLC,
    906 F.3d 58 (2d Cir. 2018)............................................... passim

United States v. Selterzer,
    227 F.3d 36 (2d Cir. 2000) ......................................................12

Wolman v. Catholic Health Sys. of Long Island, Inc.,
    853 F. Supp. 2d 290 (E.D.N.Y. 2012) ......................................19

Yuan v. AA Forest, Inc.,
    No. 20CV5484(AMD)(MMH), 2022 WL 900614(E.D.N.Y. Mar. 28,
    2022) ......................................................................18

v

Zheng v. Liberty Apparel Co. Inc.,
     355 F.3d 61 (2d Cir. 2003) ................................................................ 10, 15

Ziemba v. Wezner,
     366 F.3d 161(2d Cir. 2004) .......................................................................14

**Statutes & Regulations**

Fair Labor Standards Act ........................................................................2, 4

Federal Rule of Appellate Procedure ....................................................11,12

Federal Rule of Civil Procedure 12(b)(6) ...........................10, 11, 14, 16

New York Labor Law ..........................................................................2, 4

**INTRODUCTION**

The District Court granted Appellee's motion to dismiss Appellant's Second Amended Complaint ("SAC"), concluding that Appellants failed to sufficiently allege that Appellees are "employers" of Appellants under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and that Corporate Appellees did not constitute a single enterprise under the FLSA.

Individual Appellees are the President and Owner of three different Corporate Appellees. Appellees were not the employers of the Appellants for the following reasons: Appellees did not set Appellants' work schedules or control conditions of their employment; and Appellants worked for Appellees as subcontractors or independent contractors.

Further, the allegation that Corporate Appellees are owned by different individuals of an extended family and that they commingle funds is not, on its own, enough to make a reasonable fact finder infer that they constitute a single enterprise under the Fair Labor Standards Act ("FLSA").

Moreover, it is well-settled that individual officers or owners in a company are not automatically liable as an "employer" under the FLSA and NYLL. The FLSA provides that a corporate officer, supervisor, and owner is only personally liable under the FLSA if Appellants can make plausible allegations that the individual officers or owners controlled the affected employees' hiring and firing, their work

1

schedules, the conditions of their employment, the rate and methods of their payment, and that they maintain the employment records of the affected employees.

Even assuming that the single integrated enterprise theory applies to the FLSA, Appellants must sufficiently allege the "centralized control of labor relations." Allegations of common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Appellants as employees.

The District Court's judgment should be affirmed.

## JURISDICTIONAL STATEMENT

The District Court had subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 over the federal claim under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). The district court had supplemental jurisdiction over plaintiffs' state law claims under New York Labor Law, Article 6, §§ 190 et seq. and Article 19, §§ 650 et seq. ("NYLL") under 28 U.S.C. §§ 1332 and 1367.

This Court has jurisdiction under 28 U.S.C. § 1291 because the appeal is from the final judgment entered by the District Court on August 22, 2023. That judgment disposed of Appellants–Plaintiffs' claims alleging that Appellees–Defendants are jointly and severally liable for Appellants' damages under the FLSA and NYLL. Appellants timely filed a notice of appeal on September 7, 2023, and filed their Brief on November 22, 2023.

## **STATEMENT OF THE ISSUES**

1. Whether Appellees timely filed their motion to dismiss Appellants' SAC.

2. Whether under the four-factor totality of the circumstances test discussed in <u>Carter v. Dutchess Community College</u>, 735 F.2d 8, 12 (2d Cir.1984), Appellants make a plausible threshold showing that they were employees of Individual Appellees under the FLSA and NYLL.

3. Whether Appellants make a plausible threshold showing that the Corporate Appellees constitute one enterprise under the FLSA.

4. Whether, under the four-factor totality of the circumstances test discussed in <u>Carter v. Dutchess Community College</u>, 735 F.2d 8, 12 (2d Cir.1984) Appellants make a plausible threshold showing that they were employees of Corporate Appellees under the FLSA and NYLL.

## **STATEMENT OF THE CASE AND OF THE FACTS**

### **I. Relevant Factual Background**

Appellants Marco Antonio Perez Perez ("Perez") and Jose Eduardo Sanchez Arias ("Arias," and together, "Appellants") brought this action against corporate Appellees Escobar Construction, Inc. ("Escobar Construction"), Nations Construction, Inc. ("Nations Construction"), and JRS Services, LLC ("JRS Services"), Jhony Aris Escobar ("Escobar"), Elias Osmin Alvarez Palacios ("Palacios"), and Jenny Carolina Alvarez ("Alvarez")" under the Fair Labor

Standards Act, 29 U.S.C. §§ 201 et seq. ("FSLA") and New York Labor Law, Article 6, §§ 190 et seq. and Article 19, §§ 650 et seq. ("NYLL"). *See*, Appellants' Second Amended Complaint ("SAC"), A71-72.

Appellants allege that they were employed by Individual and Corporate Appellees as construction workers on various projects at various times from 2017 to 2019. (SAC ¶¶ 10-11; A73-34)

Appellants further allege that from March 1, 2017, to August 1, 2018, and from approximately November 2018 through February 2019, Perez worked for Appellees. Id. ¶¶ 10, 140; A73,89. Appellants allege that Perez worked for Appellees from 7:00 a.m. to 7:00 p.m., from Monday through Sunday, for twelve (12) hours a day and eighty-four (84) hours per week. Id. ¶¶ 142 to 146; A89-90.

Appellants also allege that Appellant Arias worked for Appellees from "in or about" March 2017 to October 1, 2018, and from December 2018 through January 2019. Id. ¶¶ 11, 161; A74, 92. Appellants also allege that Appellant Arias worked for Appellees for eighty-four (84) hours per week from September 15, 2017, to October 1, 2018. Id. ¶¶ 12, 164; A74, 92.

## A. Appellants' Conclusory Allegations as to Corporate Appellees

Appellants allege that Corporate Appellees constitute a single enterprise. (SAC ¶¶ 100, 116 -29; A84, 86-88). Nations Construction's only project was at the Lafayette, Indiana worksite as Escobar Construction's subcontractor. Id. ¶121; A87. Appellants also conclusorily allege that Corporate Appellants: "share staff…who

would perform construction work at the various worksites"; "pay [Appellants] for the work performed as an indistinguishable entity" to the extent that "[Appellants] would receive pay from both" Nations Construction and JRS Services "for work performed at the bequest of Escobar Construction"; "pay [Appellants] using the checks from Nations Construction, Inc. and JRS Services LLC"; "advertise the Corporate [Appellees] as an enterprise"; and are "co-owned by the same partners, namely the Escobar/Palacios family." Id. ¶116; A86. Appellants also allege that "[Corporate Appellants] commingled funds and distributed profits to family members who did not work as either an independent contractor or employee at the Company." Id. ¶119; A87.

### B. Appellants' Conclusory Allegations as to Individual Appellees

Appellants allege that Individual Appellees "are officers, directors, managers, and/or majority shareholders or owners of" the Corporate Appellees. SAC ¶¶ 23; A75. Appellants recite the elements of Carter and allege that Appellee Escobar was the President of Escobar Construction, and "(1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment based on experience and rate of labor completion, and (4) maintained employee records through corporate emails" at Escobar Construction and Nations Construction. Id. ¶24; A76.

Appellants further allege that Escobar brought new workers to the worksite, and "actually hired" Perez and Arias. Id. ¶30-31; A76. Appellants also allege that

Escobar "intentionally failed to keep and/or retain records pertaining to the hours worked" by Appellants (id. ¶47; A78), "was present on a day-to-day basis" at the worksite in Ithaca, New York (id. ¶26; A76), and that Escobar "had project supervisors manage the work schedules of each employee" and "report the hours." (Id. ¶¶28-29; A76). Appellants further allege that Escobar promised to pay Perez $25.00 per hour and Arias $17.00 per hour. Escobar "induced" them to travel to "Lafayette [,] Indiana with the promise of paying all of the unpaid wages from Ithaca, New York if they worked at the Indiana worksite." Id. ¶52; A79.

Appellants also recite the elements of Carter as to Appellee Palacios. Id. ¶¶55-56, 63, 66; A79, 80. Appellants allege that Palacios hired Perez for JRS Services (id. ¶62; A80), "calculated the pay for the construction workers on Microsoft Excel and on paper" (id. ¶64; A80), "handled the paychecks for JRS Services" (id. ¶65; A80), was "Perez's employer… in New Albany and Ohio" (id. ¶67; A80), "was authorized to sign the paychecks of" JRS Services (id.¶91; A83), and "would distribute pay checks sent" by Escobar Construction and Nations Construction. Id. ¶97; A83.

Appellants also recite the elements of Carter with respect to Appellee Alvarez. Id ¶¶100, 107, 112; A84, 85. Appellants allege that Appellee Alvarez hired a supervisor for the Lafayette, Indiana worksite (id.¶103;A84), and "hired each of the construction workers on behalf of Nations Construction." Id. ¶111; A85. Appellants also allege that Alvarez "had the authority to sign paychecks of Nations Construction"

and "was in charge of receiving the payments, paying construction workers, and verifying that the job was done properly and [c]orrectly." Id. ¶¶ 108, 109; A85.

## II. Relevant Procedural Background [1]

Appellants commenced this action on December 29, 2019 (A001) and filed their first amended complaint on August 3, 2020 (A032) and the SAC on November 29, 2022 (A071). On January 23, 2023, Appellees filed a motion to dismiss Appellants' SAC. ("MTD"). A116-65.

On February 6, 2023, Appellants filed their opposition to Appellees' motion to dismiss ("Opposition"). A166-85. On February 13, 2023, Appellees filed their reply in further support of their motion to dismiss ("Reply"). A186-200.

On March 3, 2023, Appellants filed their motion for leave to file their Third Amended Complaint to add claims of opt-ins under state law. A207.

On April 13, 2023, the Honorable Magistrate Judge Gabriel Gorenstein of the United States District Court of the Southern District of New York denied Appellants' motion for leave to file a third amended complaint. Id. On April 27, 2023, Appellants filed their objection to Judge Gorenstein's denial ("Objection"). Id.

---

[1] Reference to Plaintiffs-Appellants' Second Amended Complaint (A71-106) is cited as, "SAC¶__." Reference to Defendants-Appellees' memorandum in support of the motion to dismiss (A136-65) is cited as, "Mem. at__." Reference to Plaintiffs-Appellants' opposition to the motion to dismiss (A166-85)is cited as, "Opp. at __." Reference to Defendants-Appellees' reply in further support of their motion to dismiss (A186-200) is cited as, Re. at__." Reference to the District Court's Order (A201-23) is cited as, "Order at _." Reference to Appellants' Brief is cited as, "Brief at ___."

On August 22, 2023, the Honorable Judge Laura T. Swain of the United States District Court of the Southern District of New York granted Appellees' motion to dismiss Appellants' SAC and overruled Appellants' objection ("District Court's Order"). A223.

On September 7, 2023, Appellants filed their notice of appeal of the District Court's Order "granting [Appellees'] motion to dismiss the operative complaint and denying [Appellants'] motion to amend the operative complaint entered on August 22, 2023." ECF No. 1; *see also*, A225.

On November 22, 2023, Appellants filed their brief in support of their appeal of the District Court's Order granting Appellees' motion to dismiss Appellants' SAC under Rule 12(b)(6), and thus, Appellants waived their appeal of the District Court's Order denying Appellants' Objection. (ECF No. 40)[2].

## SUMMARY OF ARGUMENT

The District Court's Order should be affirmed because Appellees timely-filed their motion to dismiss Appellants' SAC based on Rule 12(b)(6) in lieu of filing an answer. Further, the District Court's Order should be affirmed because Appellants

---

[2] Thus, Appellants waived any challenge to the merits of the District Court's Order denying Appellants' Objection. *See*, Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998) (ruling that the Second Circuit "normally will not [] decide issues that a party fails to raise in his or her appellate brief" even if the appellants are *pro se*).

failed to raise this argument with the District Court in their opposition to Appellees'
motion to dismiss their SAC.

The District Court's Order should be affirmed because the conclusory,
boilerplate and conflicting allegations of Appellants' complaint do not a raise a
plausible inference that Appellants are employees of Appellees. Further, Appellants'
brief makes allegations that are not included in Appellants' SAC and should not be
considered on appeal. Appellants may not amend their SAC merely by raising new
allegations in their opposition and Appellate Brief. As for individual Appellees,
Appellants fail to sufficiently allege that the individual Appellees supervised or
controlled the terms of Appellants' employment as employees under the <u>Carter</u>
factors.

Appellants' SAC also fails to sufficiently allege that Corporate Appellees
should be liable under the FLSA as a single enterprise because they fail to plausibly
allege that any of the individual Corporate Appellees is their employer, and because
their conclusory and contradictory allegations fail to answer the fundamental
questions of whether and how each corporate entity controlled Appellants'
employment.

Finally, the District Court's Order should be affirmed because of the numerous,
sanctionable deficiencies in Appellants' brief and the multiple violations of Federal
Rule of Appellate Procedure ("FRAP") 28. Specifically, the Brief does not contain a

factual statement, a jurisdictional statement, and a summary of arguments as required by law. Further, a substantial portion of the arguments feature factual statements without any citation to legal authority. Neither the District Court nor this Court is obliged to correct Appellants' deficiencies.

## STANDARD OF REVIEW

The Court of appeals may "review *de novo* a dismissal of a complaint for failure to state a claim upon which relief may be granted." Kelleher v. Fred A. Cook, Inc., 939 F.3d 465, 467 (2d Cir. 2019); *see also*, Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The District Court's "findings of historical fact and ... findings as to the existence and degree of each factor—are findings of fact that must be accepted on appeal unless clearly erroneous." Tapia v. Blch 3rd Ave LLC, 906 F.3d 58, 61 (2d Cir. 2018) (per curiam) (citing Zheng v. Liberty Apparel Co. Inc., 355 F.3d 61, 76 (2d Cir. 2003).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), a Court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." N.J. Carpenters Health Fund v. Royal Bank of Scotland Grp., PLC, 709 F.3d 109, 119 (2d Cir. 2013)) (internal quotations and alterations omitted).

The pleading standard that Rule 8 requires is "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678,129 S.Ct. 1937, 1949 (2009). Further, a pleading that offers nothing more than

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955,9164-65 (2007) (citing <u>Papasan v. Allain</u>, 478 U.S. 265, 286, 106 S.Ct.2932 (1986)). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." <u>Id</u>. at 557.

Thus, to withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. "A claim has facial plausibility where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Matson v. Bd. of Educ. Of City Sch. Dist. Of New York</u>, 631 F.3d 57, 63 (2d Cir. 2011) (citing <u>Ashcroft</u>, 556 U.S. at 678,129 S.Ct. at 1949). "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. Moreover, "[w]hile legal conclusions could provide the framework of a complaint, they must be supported by factual allegations." <u>Ashcroft</u>, 556 U.S. at 679. Appellants' SAC, wrought with generalized assertions, unsupported by facts, fails to meet this pleading standard.

## **ARGUMENT**

### I. **Appellants' Brief Should Be Dismissed Because of its Deficiencies**

Appellants' brief should be dismissed for failing to follow Federal Rule of Appellate Procedure ("FRAP") 28. Appellants' brief is in contravention of FRAP 28 because it fails to contain a jurisdictional statement, a summary of arguments, and a

11

proper statement of facts. Brief, at 2-3. Further, Appellants fail to sufficiently and accurately cite to legal authority in support of their contentions. *See*, *e.g.*, Brief at 7.

Appellants' brief also violates FRAP 28 because a substantial amount of Appellants' brief features factual statements without any citations to legal authority. Brief at 17-21, 23-27. Such violations are sanctionable per Rule 46 and the Second Circuit Local Rule 46. *See*, *e.g.*, In re Liu, 282 F. App'x 7, 10 (2d Cir. 2008); *see also*, In re Roman, 601 F.3d 189, 195-96 (2d Cir. 2010). Thus, Appellees respectfully request that this Court dismiss Appellants' appeal because of the sanctionable deficiencies of Appellants' brief. *See*, *e.g.*, United States v. Selterzer, 227 F.3d 36, 42 (2d Cir. 2000) (discussing district court's inherent powers) (Courts have power to "police the conduct of attorneys as officers of the court.").

## II. Appellees' Motion to Dismiss Was Timely Filed
### A. Appellants' New Argument Should Not Be Considered

It is "a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." Bogle-Assegai v. Connecticut, 470 F.3d 498, 504 (2d Cir. 2006) (cleaned up). Even if this Court has discretion to consider waived arguments, the circumstances normally "do not militate in favor of an exercise of discretion to address ... new arguments on appeal" where those arguments were "available to the [parties] below" and they "proffer no reason for their failure to raise the arguments below." Id. (quoting Allianz Insurance Co. v. Lerner, 416 F.3d 109, 114 (2d Cir.2005)).

Here, Appellees filed a motion to dismiss Appellants' SAC for failure to state a cause of action under Rule 12(b)(6) in lieu of answering Appellants' SAC. Appellants' argument that Appellees' motion was untimely because Appellees had already interposed an answer to Appellants' First Amended Complaint ("FAC") is entirely unavailing. A144-45. Moreover, as Appellants failed to raise this issue in the District Court (opp. at 3-7; A166, 174-77), Appellants' new argument, raised for the first time on appeal, should not be considered. Bogle-Assegai, 470 F.3d at 505-07 (affirming the district court's dismissal of the appellant's claims and refusing to consider the appellant's new argument because the appellant had "proffered no reason for her failure to make [her] argument in the district court" in her opposition); *see also*, Sowe v. Pall Corp., 778 F. App'x 20, 22 (2d Cir. 2019) (ruling that the Second Circuit "consider[s] this claim waiver and will not address it" because the relevant argument "was not made in the district court and is raised for the first time here") and Rivera v. Home Depot USA, Inc., 776 F. App'x 4, 7 (2d Cir. 2019) (ruling that the Second Circuit "decline[s] to consider on appeal matters not sufficiently raised before the district court.").

**B. Appellees Were Entitled to File a Motion to Dismiss Appellants' SAC**

"It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied, 434 U.S. 1014, 98 S.Ct. 730 (1978).

Here, Appellants filed their SAC on November 29, 2022 (A071) which superseded Appellants' FAC and renders the FAC of no legal effect. Appellees did not file an answer to Appellants' SAC. Appellants fail to cite to any applicable case law in support of their allegations. The cases to which Appellants cite are inapplicable as Appellees did not file an answer to Appellants' SAC.

Additionally, even if Appellees had filed an answer to the SAC, Appellees' motion to dismiss could have been considered as a Rule 12(c) motion for judgment on the pleadings because the defense of failure to state a cause of action is non-waivable. Patel v. Contemp. Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). Thus, Appellees' motion was properly granted, and therefore, Appellants' SAC should be dismissed, regardless of whether the Court treats Appellees' motion as a motion for judgment on the pleadings under Rule 12(c) or a motion to dismiss under Rule 12(b)(6). Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (ruling that the standard of reviewing a motion for judgment on the pleadings under Rule 12(c) is the same as that for a Rule 12(b)(6) motion for failure to state a claim.

### III. Appellants Fail to Make a Plausible Threshold Showing That Appellees Are Their Employers

This court has established four (4) factors to determine the "economic reality" of a putative employment relationship: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of

payment, and (4) maintained employment records." <u>Barfield v. New York City Health & Hosps. Corp.</u>, 537 F.3d 132, 142 (2d Cir. 2008) (summary order) (quoting <u>Carter v. Dutchess Community College</u>, 735 F.2d 8, 12 (2d Cir.1984))[3]. Further, "the determination of the [employment] relationship does not depend on such isolated factors" as where work is done or how compensation is divided "but rather upon the circumstances of the whole activity." <u>Irizarry v. Catsimatidis</u>, 722 F.3d 99, 104 (2d Cir. 2013) (summary order) (quoting <u>Rutherford Food Corp. v. McComb</u>, 221 U.S.722, 730, 67 S.Ct. 1473(1947)). The critical inquiry is whether the person "possessed the power to control the workers in question ... with an eye to the 'economic reality' presented by the facts of each case." <u>Herman v. RSR Sec. Servs. LTD.</u>, 172 F.3d 132, 139 (2d Cir. 1999).

The Second Circuit has assumed, "without deciding, that 'the tests for 'employer' status are the same under the FLSA and the NYLL…" <u>Tapia</u>, 906 F.3d at 61, n.1(citing <u>Irizarry</u>, 722 F. 3d at 117); *see also*, <u>L. Rosario v. Mis Hijos Deli Corp.</u>, No. 15-CV-6049 (LTS) (DCF), 2018 WL 4636822, at *10 (S.D.N.Y. Sept.

---

[3] This Court also considers the Zheng factors in determining whether "an entity had functional control over workers even in the absence of the formal control measured by the Carter factors." <u>Zheng v. Liberty Apparel Co. Inc.</u>, 355 F.3d 61, 72 (2d Cir. 2003). <u>Zheng</u> factors should not be considered for this brief because Appellants failed to raise the argument that they were employees under the <u>Zheng</u> factors in their opposition to Appellees' motion to dismiss. *See*, <u>Sowe</u>, 778 F. App'x at 22. Appellants do not make any arguments relating to the functional control test in Appellants' Brief.

27, 2018) (ruling that the terms of employer's interpretation are consistent under both the FLSA and NYLL).

### A. Appellants Fail to Make a Plausible Threshold Showing That Individual Appellees Are Their Employers

#### 1. Appellants Fail to Sufficiently Allege an Employer-Employee Relationship with Appellee Escobar

The District Court did not err in finding that Appellants' "remaining allegations are insufficient to support a finding of an employment relationship" because the allegations are merely a boilerplate recital of the <u>Carter</u> elements, and therefore, should not be considered. Order at 17-18; A217-18.

Appellants' arguments on appeal are based on conclusory allegations or allegations that are not contained in their SAC. Brief at 21-23. First, Appellants argue that they meet the second element because Appellants had fixed schedules and because Escobar controlled Appellants' schedules. Brief, at 21-22. Such an argument directly conflicts with Appellants' SAC, which states that Escobar "had project supervisors manage the work schedules of each employee." SAC¶28; A76. Accordingly, Appellants admit that it was not Escobar who supervised or controlled Appellants' schedules. Thus, such contradictory allegations should not be taken as true. <u>Perry v. NYSARC, Inc.</u>, 424 F. App'x 23, 25 (2d Cir. 2011).

Further, Appellants' SAC does not allege that Appellants had fixed schedules, or that they were required to work from 7:00 a.m. to 7:00 p.m., from Monday to Sunday. The SAC also fails to allege that Appellants' work schedules were set by

16

Escobar. SAC ¶¶142, 162; A89,92. Thus, this argument should not be considered because Appellants failed to raise it with the District Court and may not amend their complaint via an appellate brief. *See*, Scott v. City of New York Dep't of Corr.*,* 641 F.Supp.2d 211, 229 (S.D.N.Y.2009), *aff'd,* 445 Fed.Appx. 389 (2d Cir.2011) (finding that it is inappropriate to consider the new allegations or claims raised in plaintiff's opposition papers because the plaintiff may not amend his or her complaint merely by raising new facts in plaintiff's opposition papers); *see also*, Shah v. Helen Hayes Hosp., 252 F. App'x 364, 366 (2d Cir. 2007) (summary order) (ruling that "[a] party may not use his or her opposition to a dispositive motion as a means to amend the complaint")(collecting cases).

Second, Appellants SAC does not allege that "[s]ince defendant Escobar was at the Ithaca location at all times the defendants completed that job he would discuss with plaintiffs and others when to come in and when to leave." [sic]. Opp. at 9; A179. Instead, Appellants merely allege that Appellee Escobar "was a direct contact with Plaintiffs at the Ithaca, New York worksite. He had phone call conversations with Plaintiffs and text messages concerning…." [sic]. SAC ¶ 38; A77. [4]

---

[4] Appellants raised this argument in their opposition, alleging that Appellee Escobar "was physically present at the Ithaca location at all times the defendants completed that job he would discuss with [Appellees] and others when to come in and when to leave." Opp. at 9; A179.  In their reply, Appellees corrected Appellants and argued that Appellants' SAC does not contain such an allegation.  Re. at 3; A192. The District Court also corrected Appellants and advised them that they could not amend their SAC by asserting new facts for the first time in their opposition to Appellees'

All in all, Appellants' conclusory and boilerplate allegations leave the District Court to determine on its own initiative how Escobar controlled Appellants as employees because the SAC fails to allege: (1) who set Appellants' schedules; (2) who supervised and controlled Appellants' work schedules and conditions of employment, and how they did so; and (3) and how the rate and method of payment was determined, and by whom. Thus, a reasonable fact finder could not infer from these allegations that an employer-employee relationship existed between Escobar and Appellants. *See*, Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (ruling that the Court "cannot invent factual allegations"); and Irizarry, 722 F.3d at 109 ("[T]o be an 'employer,' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment."); *see also*, *e.g.*, Nandkumar v. AstraZeneca PLC, No. 22-2704-CV, 2023 WL 3477164, at *2 (2d Cir. May 16, 2023) (finding that to survive a motion to dismiss, a complaint must "demonstrate with specificity" as to the elements of a cause of action); and Yuan v. AA Forest, Inc., No. 20CV5484AMDMMH, 2022 WL 900614, at *5 (E.D.N.Y. Mar. 28, 2022) (denying a finding of employer-employee relationship as the complaint did not "allege facts showing that [Defendant Kevin Guo] supervised

---

motion to dismiss. Order at 18, n. 6; A 218. This argument should not be considered because Appellants cannot amend their complaint merely by raising a new argument in their opposition papers. Shah v. Helen Hayes Hosp., 252 F. App'x 364, 366 (2d Cir. 2007).

the plaintiffs, controlled their working conditions, maintained employment records or interacted with them" even if Defendant was the owner and "hired each named plaintiff and paid all employees on Mondays"); Wolman v. Catholic Health Sys. of Long Island, Inc., 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) ("[C]ourts will not find individual liability when the relationship between plaintiff-employees and the putative employer is too attenuated, especially when the entity has a significant number of employees."), aff'd in part, rev'd in part sub nom. Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106 (2d Cir. 2013).

### 2. Appellants Fail to Sufficiently Allege an Employer-Employee Relationship with Appellee Palacios

The District Court did not err in finding that Appellants' SAC is insufficient to support a finding that Appellants have met the last three Carter factors. Order at 19-20. Appellants allege that Appellee Palacios hired Perez (SAC ¶62; A80); but they also allege that both Appellants were hired by Escobar (id. ¶¶31,122; A76,87) and "dispatched" by Escobar to different worksites. Id. Thus, this set of contradictory allegations should not be considered as true, and therefore, the first Carter factor weighs in favor of Appellees. Perry, 424 F. App'x at 25.

Appellants argue that Palacios controlled Appellants and their work schedules because Palacios served as the "day-to-day supervisor" at Binghamton, NY. Brief at 24. However, they fail to allege any facts with respect to how this affected Appellants' employment, if any. Tapia, 906 F.3d at 62 (affirming District Court's

finding that the "second <u>Carter</u> factor was not satisfied. Although Appellants testified that Sharma regularly visited the restaurant, tasted the food, and directed employees to clean").

Appellants also admit that Palacios did not keep employee records (brief at 23) and "did not keep track of the employee time" (<u>id</u>. at 25; A76). Indeed, they fail to assert sufficient, non-contradictory, and non-conclusory facts to plausibly demonstrate that Palacios maintained employee records. Appellants allege that Palacios "did not keep track of employee time" (<u>id</u>. ¶74; A81) and mailed his notes of "the work hours each day" to Escobar Construction (<u>id</u>. ¶96; A83), but then state that "there wasn't an organized methodology how [he] keep tracked of everything[sic]. Sometimes it was on paper, and sometimes it was on email" (<u>id</u>. ¶95; A83). Thus, this set of contradictory allegations should not be considered as true. <u>Perry</u>, 424 F.App'x at 25.

As for the remaining allegations, some of them are contrary to other allegations of Appellants' SAC. Appellants allege Appellee Palacios worked for Escobar Construction as an employee at different worksites, (<u>id</u>. ¶¶ 81,85; A81,82). Appellants then allege to the contrary that Palacios worked as a subcontractor at different worksites (id.¶83; A82). Appellants then allege that Palacios worked as "a project supervisor at the worksite of Binghamton, NY" (<u>id</u>. ¶90; A82). The

aforementioned allegations are contradictory and difficult to follow (id. ¶¶55, 63 67, 71; A79,80), and thus should not be considered.

The other allegations are conclusory and merely constitute a recital of the elements of Carter, or are legal conclusions, and thus should not be accepted as true. Roth v. Jennings, 489 F.3d 499, 516-17(2d Cir. 2007).

Appellants fail to plausibly allege the existence of an employer-employee relationship between Appellants and Appellee Palacios, and therefore, Appellee Palacios was properly dismissed from this action[5]. Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir.1993) (affirming the dismissal of a claim based on "wholly conclusory and inconsistent allegations"); and, Irizarry, 722 F.2d at 109. ("[T]o be an 'employer' an individual defendant must possess control over a company's actual 'operations' in a manner that relates to a plaintiff's employment."); and Tapia, 906 F.3d at 62(affirming district court's finding that there was no employment relationship between individual defendant and plaintiff, where plaintiff had only demonstrated one of the four Carter factors).

---

[5] Indeed, Appellants admit that Appellees Palacios and Alvarez are not employers by alleging that "[Appellee] Escobar directed things behind the scenes at all three companies…"and that "transfer is deemed a 'hire' or 'transfer'" Brief at 18; SAC ¶¶121-22;A 87. Appellants also allege that "dispatch constitutes a re-assignment or a rehire…." Brief at 26. Appellants argue that Palacios "has the power to hire and fire at the Binghamton, New York worksite" and was assigned to work as a "project manager at the Binghamton, New York worksite." Id. at 28. Thus, Appellants' arguments are inconsistent with each other and are at odds with the underlying facts.

21

### 3. Appellants Fail to Sufficiently Allege an Employer-Employee Relationship with Appellee Alvarez

The District Court did not err in finding that "[Appellants] do not allege any facts specific to their relationship with Ms. Alvarez" and that they failed to sufficiently allege each <u>Carter</u> factor.  Order at 20-21. Appellants simply parrot the <u>Carter</u> factors, or list Alvarez's job title, the only shareholder of Nations Construction and a supervisor at the worksite in Lafayette, IN. Those allegations are too conclusory to plausibly allege that Alvarez was the employer of Appellants.

Appellants fail to sufficiently allege that Alvarez hired or fired Appellants. The allegation of Alvarez having hired a "Supervisor" is insufficient because Appellants fail to show how this is related to Appellants' employment or  that there was any communication between the "Supervisor" and Appellants.[6] *See*, <u>Guo Zhang v. Shun Lee Palace Rest., Inc.</u>, No. 17-CV-00840 (VSB), 2021 WL 634717, at *8 (S.D.N.Y. Feb. 16, 2021) (finding that the conclusory statements that Bin Hu hired Manager Yu only established a single <u>Carter</u> factor "regarding Bin Hu's employment relationship with Manager Yu, rather than with Plaintiffs at issue")( Rejecting the similar argument also raised by Appellants' Counsel).

---

[6] Again, such an allegation is in conflict with the allegation that Escobar "induced" Appellants to work at the Lafayette, IN worksite. SAC¶ 52; A79. Similarly, the conclusory allegation that Alvarez "hired each of the construction workers on behalf of Nations construction" (<u>id.</u> ¶111; A85) is in conflict with other allegations that Escobar actually hired and fired Appellants (<u>id.</u> ¶¶31,46, 122; A76, 78, 87).

Appellants also argue that Ms. Alvarez had the authority to determine the rate and method of payment of the Appellants because Alvarez "averred that she set the pay for construction workers on behalf of" [sic] Nations Construction. Brief at 27. Such an assertion constitutes a legal conclusion, and thus should not be taken as true. Chavis, 618 F.3d at 170 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Appellants also admit that Appellee Alveraz did not keep Appellants' employment records. Brief at 27.

Appellants also allege that Appellee Alvarez "had authority to sign paychecks on behalf of Nations Construction" (id ¶108; A85), was "in charge of receiving the payments, paying the construction workers, and verifying that the job was done properly and [c]orrectly" (id. ¶109; A85), "acted as a day to day [sic] supervisor" in Lafayette, IN (id. ¶118; A86-87), and that Alvarez "directed the progress of workflow, including how many units need to be done by due dates." Id. ¶113; A85. These conclusory and boilerplate allegations are not sufficiently plead to satisfy the last three factors of Carter. *See*, *e.g.*, Chavis, 618 F.3d at 170 (The Court also "cannot invent factual allegations" plaintiff has not pleaded).

Thus, Appellants do not plead allegations sufficient to answer the fundamental question of how Appellee Alvarez exercised any operational control that directly affected the nature or conditions of Appellants' employment. Bao Guo Zhang, 2021

WL 634717, at *9; *see also*, <u>Ashcroft</u>, 556 U.S. at 678, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also*, <u>Tapia</u>, 906 F.3d at 61 (citing <u>Irizarry</u>, 722 F.3d at 104) ("A person exercises operational control over employees if his or her role within the company, and the decisions it entails, directly affect the nature or conditions of the employees' employment.").

### B. Appellants Fail to Make a Plausible Threshold Showing That Corporate Appellees Are Their Employers

Appellants do not even argue that Corporate Appellees were their employers and, rather, merely address the issue of whether Corporate Appellees constitute a single enterprise. Brief at 14-20. Appellants argue that the District Court erred, yet without a sufficient explanation of the basis for this assertion. Brief at 16-17.

### 1. Appellants Fail to Argue That Any of the Corporate Appellees Are Their "Normal" Employer

Appellants' SAC fails to sufficiently allege that any of the Corporate Appellees are or were their "employer" (known as "normal employer"), and thus, regardless of whether Corporate Appellees constitute a single enterprise under the FSLA, there is no employer-employee relationship between Appellants and Corporate Appellees. *See*, *e.g.*, <u>Arculeo v. On-Site Sales & Mktg.</u>, LLC, 425 F.3d 193, 198 (2d Cir. 2005) (summary order) (finding that "[t]here is well-established authority under [a single employer] theory that... an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-

employer' entity, may impose liability … on another entity comprising part of the single integrated employer")[7].

Appellants' SAC also fails to sufficiently plead that Corporate Appellees were employers of Appellants. Specifically, Appellants merely allege that they were "employed by [Appellees] to work as a construction worker" SAC ¶¶10, 11, 140, 161, 162; A73-74, 89,92. Such allegations are too conclusory to support an inference that Corporate Appellees exercised any control over Appellees as their employers, and are merely a "legal conclusion couched as a factual allegation", and thus not entitled to any weight. *See*, Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949; *see also*, Shi Ming Chen v. Hunan Manor Enter., Inc., No. 17 CIV. 802 (GBD), 2018 WL 1166626, at *9 (S.D.N.Y. Feb. 15, 2018) (The plaintiff was represented by Appellants' Counsel).

## 2. Appellants Fail to Sufficiently Allege that Corporate Appellees Should Be Liable as a Single Employer Under a Single Enterprise Theory

The single employer test[8] analyzes "whether two or more employers can be treated as one for purposes of assigning liability." Gulino v. N. Y. State Educ. Dep't,

---

[7] Appellees raised this argument in their motion to dismiss, and Appellants fail to oppose this argument. Thus, Appellants have abandoned the argument that any of the Corporate Appellees are or were their employer. A195.

[8] The Single Employer theory was applied in the context of Title VII. Arculeo v. On-Site Sales & Mktg., LLC, 425 F.3d 193, 198 (2d Cir. 2005). Thus, the district courts are split as to whether the single integrated enterprise rule applies to FLSA liability. Some courts apply the integrated enterprise doctrine in the FLSA context; and some

460 F.3d 361, 378 (2d Cir. 2006) (Title VII Context). "Under the single employer doctrine, four factors determine whether two entities will be regarded as a single employer subject to joint liability for employment-related acts. They are: (1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." Murray v. Miner, 74 F.3d 402, 404 (2d Cir. 1996) (Employees' Bonus Context); *see also*, Griffin v. Sirva Inc., 835 F.3d 283, 292 (2d Cir. 2016), certified question accepted sub nom. Griffin, Michael Godwin v. Sirva, Inc., 28 N.Y.3d 956, 60 N.E.3d 420 (2016), and certified question answered, 29 N.Y.3d 174, 76 N.E.3d 1063 (2017) (Discrimination Context)

This Circuit "views joint employment as a question to be resolved from the totality of the evidence." Barfield, 537 F.3d at 149. Further, "[a]lthough no one factor is determinative ... control of labor relations is the central concern." Murray, 74 F.3d at 404. Centralized control of labor relations includes "tasks such as

---

use the traditional economic realities test to determine whether multiple legal entities constitute a single employer under the FLSA. *See*, Tecocoatzi-Ortiz v. Just Salad LLC, No. 18-CV-7342 (JGK), 2022 WL 596831, at *5 (S.D.N.Y. Feb. 25, 2022) (discussing the issue of whether the single integrated enterprise theory applies to FLSA liability and noting that "[t]he Second Circuit Court of Appeals has yet to apply the single integrated enterprise rule to FLSA liability"); *see also*, Dacas v. Duhaney, No. 17CIV3568EKVMS, 2022 WL 5422709, at *11 (E.D.N.Y. Aug. 11, 2022), report and recommendation adopted, No. 17-CV-3568(EK)(VMS), 2022 WL 4483188 (E.D.N.Y. Sept. 27, 2022). Here, regardless which doctrine this Court applies, Appellants fail to sufficiently allege a single employer under both doctrines, the single integrated enterprise theory (Section III.B.2) and the traditional economic realities test (Section III. A and Section III.B.1).

handling job applications, approving personnel status reports, and exercising veto power over major employment decisions." Parker v. Columbia Pictures Indus., 204 F.3d 326, 341 (2d Cir. 2000) (ADA Context).

Here, Appellants admit that they are obligated to sufficiently plead "centralized control of labor relations." Appellants' SAC is devoid of any non-conclusory allegations suggesting that the Corporate Appellees had an interrelation of operations or centralized control of labor relations regarding any of Appellants' "normal employers." Appellants' only argument is that Corporate Appellees are employers because [individual appellees] "all controlled" Corporate Appellees. Opp. at 12; A182. Such arguments fail because, as **Section III.A** shows, Individual Appellees are not their employers.

Appellants further argue that Corporate Appellees constitute a single enterprise because: (1) they shared staff, (brief at 18-19); (2) they "would receive pay from both [Nations Construction and JRS Service] for work performed at the bequest of Escobar Construction" [sic] (id. at 18); (3) Corporate Appellees "disregarded formal aspects of corporate control and lack of any documentation of relationship between Corporate Defendants," [sic] (id. at19); (4) Nations Construction only took projects from Escobar Construction (id. at 20); (5) Nations Construction made payments to Ms. Graciela Escobar (id); and (6) Appellee Alvarez "reported directly to the supervisor of… Escobar Construction" [sic] (id).

The first argument should not be considered because they failed to raise this argument with the District Court. Opp. at 11-12; <u>Mathie v. Goord</u>, 267 F. App'x 13, 14 (2d Cir. 2008) (Ruling that "this court will not review [the appellant's] new claim because it was not presented below").

Further, their arguments and allegations are contradictory, and thus should not be considered as true. Appellants argue that Escobar assigned Appellants to various locations (SAC¶118; A86-87), then also allege that Escobar "induced" them to work at the worksite in Lafayette, IN, and that Palacios hired Appellant Perez for the worksite at Binghamton, NY (<u>id</u>. ¶62; A80), and that Alvarez "hired each construction worker for Nations Construction" (<u>id</u>. ¶111; A85). The allegation that Appellee Escobar "dispatched" or "induced" Appellants to work at a different worksite does not support a finding that Corporate Appellees are interconnected. <u>Brown v. Daikin Am. Inc.</u>, 756 F.3d 219, 227 (2d Cir. 2014) (Title VII Context) (citing <u>Cook v. Arrowsmith Shelburne, Inc</u>., 69 F.3d 1235 (2d Cir.1995))("In determining whether a plaintiff adequately alleges centralized control over labor relations—the most important prong in the four-part test—the central question is '[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?'"); *see also*, <u>Huer Huang v. Shanghai City Corp</u>., 459 F. Supp. 3d 580, 589 (S.D.N.Y. 2020) (ruling that "[t]he fact that a single

manager transfers an employee from one location to another can add support to a claim that the two locations are not run independently but are interconnected").

The second to fifth arguments are insufficient as they fail to answer the fundamental questions of whether and how each corporate entity controlled Appellants as employees. Appellants admit that Nations Construction and JRS Services are subcontractors of Escobar Construction. Ms. Graciela Escobar is not the employee or owner of any Corporate Appellee.

The last argument also fails because it is based on allegations that are not contained in Appellants' SAC. Appellants' SAC never alleges that Nations Construction "reported directly to the 'supervisor of [Appellee Alvarez] averred that [Escobar Construction] three to five times a month.'" Brief at 20. Conversely, Appellants merely allege that Alvarez "would contact the supervisor of [Escobar Construction] three to five times a month" [sic]. SAC¶ 107; A85. Thus, the sixth Argument should not be considered because Appellants failed to raise this Argument with the District Court and because Appellants cannot amend their SAC in their appeal brief. *See*, Shah, 252 F. App'x at 366 (ruling that "[a] party may not use his or her opposition to a dispositive motion as a means to amend the complaint"); and Scott, 641 F.Supp.2d at 229; and Greene v. United States, 13 F.3d 577, 586 (2d Cir.1994).

29

Thus, Appellants fail to plead sufficient facts to plausibly allege that Corporate Appellees are their employers or should be liable as a single employer under the liberal standard of a single integrated enterprise. *See*, *e.g.*, Apolinar v. R.J. 49 Rest., LLC, No. 15-cv-8655-KBF, 2016 WL 2903278, at *4 (S.D.N.Y. May 18, 2016) (Rejecting Similar Arguments Raised by Appellants' Counsel).

## **CONCLUSION**

For the foregoing reasons, the District Court's decision to grant Appellees-Defendants' motion to dismiss Appellants-Plaintiffs' SAC should be affirmed.


Dated: New York, NY
        December 22, 2023

> /s/Daniel Grace
> Daniel Grace, Esq
> Yuting Li, Esq.
> Douglas Mace, Esq.
> Danny Grace PLLC
> 225 Broadway, Suite 1200
> New York, NY 10007
> *Attorneys for Defendants-Appellees*

**Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements**

1. This document complies with [the type-volume limit of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   ☒ this document contains 7,191 words, **or**

   ☐ this brief uses a monospaced typeface and contains [*state the number of*] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Microsoft Word 14 Point in Times New Roman, **or**

   ☐ this document has been prepared in a monospaced typeface using [*state name and version of word-processing program*] with [*state number of characters per inch and name of type style*].

Dated: New York, NY
       December 22, 2023

                    /s/Daniel Grace_____
                    Daniel Grace, Esq
                    Yuting Li, Esq.
                    Douglas Mace, Esq.
                    Danny Grace PLLC
                    225 Broadway, Suite 1200
                    New York, NY 10007
                    *Attorneys for Defendants-Appellee*

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on this 22nd day of December 2023, I caused to be electronically filed the foregoing Appellees' Opposition Appellants' Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the below listed CM/ECF participants:

John Troy
Aaron Schweitzer
Tiffany Troy
TROY LAW, PLLC
41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
(718) 762-1324
*Counsel for Plaintiffs-Appellants*

/s/Daniel Grace_____
Daniel Grace, Esq
Yuting Li, Esq.
Douglas Mace, Esq.
Danny Grace PLLC
225 Broadway, Suite 1200
New York, NY 10007
*Attorneys for Defendants-Appellees*