# 23-1240

United States Court of Appeals
For The Second Circuit

MARCO ANTONIO PERZ PEREZ and
JOSE EDUARDO SANCHEZ ARIAS,
on behalf of themselves and others similarly situated,
*Plaintiff-Appellant,*

v.

ESCOBAR CONSTRUCTION, INC.
NATIONS CONSTRUCTION, INC.
JRS SERVICES LLC,
JENNY CAROLINA ALVAREZ,
JHONY ARIS ESCOBAR and
ELIAS OSMIN ALVAREZ PALACIOS,
*Defendants-Appellees.*

On Appeal from the United States District
Court for the Southern District of New York

## REPLY BRIEF FOR PLAINTIFFS-APPELLANTS

John Troy
Aaron Schweitzer
Tiffany Troy
Troy Law, PLLC
*Counsel for Plaintiffs-Appellants*

41-25 Kissena Boulevard, Suite 110
Flushing, NY 11355
(718) 762-1324

# TABLE OF CONTENTS

Table of Authorities ............................................................................ ii

Preliminary Statement ........................................................................1

Argument.............................................................................................1

   I.   Appellants Brief Should Not Be Dismissed ....................................1

   II.   Appellee's Motion to Dismiss Was Not Timely Filed..................2

      **A.   Appellant Does Not Present New Arguments**.......................2

   III.   Appellee's Second Amended Complaint Adequately Pleas for an Employer-Employee Relationship Against All Employers ..................................3

      **A.   Appellants Make a Sufficient Showing that Individual Appellees Are their Employers** ................................................6

      **a.   Appellants Sufficiently Allege an Employer-Employee Relationship with Appellee Escobar** ...........................................6

      **b.   Appellants Sufficiently Allege Employer-Employee Relationship with Appellee Palacios**...........................................10

      **c.   Appellants Sufficiently Allege Employee-Employer Relationship with Appellee Alvarez**...........................................11

      **B.   Appellants Make a Plausible Showing that Corporate Appellees as a Whole were their Employers**..........................................13

Conclusion .......................................................................................15

Certificate of Filing and Service.......................................................16

Certificate of Compliance .................................................................17

# TABLE OF AUTHORITIES

## Cases

*Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162 (2d Cir. 2012) .......5

*Anderson v. Bessemer City*, 470 U.S. 564 (1985)......................................................5

*Arar v. Ashcroft*, 585 F.3d 559 (2d Cir. 2009)..........................................................4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ......................................................................4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...................................................4, 5

*Carter v. Dutchess Cmty. College*, 735 F.2d 8 (2d Cir. 1984) .............................7, 8

*Chen Lin v. Dolar Shop Rest. Grp., LLC*, No. 16-cv-02474, 2021 U.S. Dist. LEXIS 33009, 2021 WL 681075 (E.D.N.Y. Feb. 22, 2021) ..............................................7

*Doo Nam Yang v. ABCL Corp.*, 427 F. Supp. 2d 327 (S.D.N.Y. 2005)...................7

*Drozd v. Vlaval Constr., Inc.*, No. 09-cv-05122 (SJ), 2011 U.S. Dist. LEXIS 156415, 2011 WL 9192036 (E.D.N.Y. Oct. 18, 2011) ....................................7, 8

*Goldberg v. Whitaker House Coop.*, 366 U.S. 28 (1961) .........................................7

*Herman v. RSR Sec. Servs.*, 172 F.3d 132 (2d Cir. 1999) ....................................7, 8

*Irizarry v. Catsimatidis*, 722 F.3d 99 (2d Cir. 2013) ...............................................7

*Lihli Fashions Corp. v. NLRB*, 80 F.3d 743 (2d Cir. 1996) ...................................13

*Lynch v. City of NY*, 952 F3d 67 (2d Cir 2020) ........................................................5

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220 (2d Cir. 2016)......................................4

*NLRB v. Newark Elec. Corp.*, 14 F.4th 152 (2d Cir. 2021)....................................14

*Patel v. Contemporary Classics*, 259 F.3d 123 (2d Cir. 2001) ................................4

*Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44 (2d Cir. 2012) ............2

*Todd v. Exxon Corp.*, 275 F.3d 191 (2d Cir. 2001) ..................................................5

*Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08-cv-06519, 2009 U.S. Dist. LEXIS 29779, 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009)....................................8

*Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003) ...............................8

*Zimnicki v Krysiak Constr. Corp.*, No. 21-cv-04634 (RPK) (JRC), 2023 US Dist LEXIS 153602 (E.D.N.Y. Aug. 29, 2023) .............................................................8

**Rules**

Fed. R. App. P. 28.......................................................................................................1

Fed. R. App. P. 28(a)(8)..............................................................................................2

*Vanceah v. Dendy*, No. 22-1864, 2023 WL 4199034, 2023 U.S. App. LEXIS 15970 (2d Cir. 2023) .............................................................................................2

## PRELIMINARY STATEMENT

Appellants submit this Reply Brief in support of their opening brief regarding the courts err in granting Appellees- Defendants Motion to Dismiss plaintiffs Second Amended Complaint in the district court matter. The court should find that Appellants opening brief was not defective and that appellants papers complied with the Rules of the Court of Appeals of the Second Circuit. This court should further find that appellants present no new arguments that were not presented in their opposition to the Motion to Dismiss that they filed in the federal court. Finally, this court should find that appellants' second amended complaint sufficiently provided the federal court with factual allegations that clearly show that individual and corporate defendants were in fact appellants' employers.

## ARGUMENT

### I.    Appellants Brief Should Not Be Dismissed

Appellees argue that appellants brief should be dismissed on the grounds that it is defective under Rule 28 of the Federal Rules of Appellate Procedure. Fed. R. App. P. 28. However, even if Appellants' brief was so defective that the court of appeals would not understand what appellants are bringing to the court for their review, which it is not, dismissal of the action is a drastic remedy. "Under Rule 28(a)(8), an appellant's brief 'must contain[] appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the

appellant relies.'" *Vanceah v. Dendy*, No. 22-1864, 2023 WL 4199034, 2023 U.S. App. LEXIS 15970, at *2 (2d Cir. 2023) (quoting Fed. R. App. P. 28(a)(8)). "Here, [Appellants'] brief is not 'so deficient as to amount to an invitation to the court to scour the record, research any legal theory that comes to mind, and serve generally as an advocate for appellant.'" *Id.* (quoting *Taylor v. Harbour Pointe Homeowners Ass'n*, 690 F.3d 44, 48 (2d Cir. 2012). As in *Vanceah*, therefore, the Court is able to and should consider the arguments of Appellants' brief and the merits of their case.

## II.    Appellee's Motion to Dismiss Was Not Timely Filed

### A. Appellant Does Not Present New Arguments

Appellees argue that Appellants' argument that Appellees' (as Defendants) Motion to Dismiss in the District Court was not timely is not a new argument but an argument that was presented in their opposition papers when appellants initially opposed appellees Motion to Dismiss. Appellants argued in their first point of their opposition that the court had personal jurisdiction over appellees Alvaraz and Nation Construction because they waived their defense on the grounds of failure to obtain personal jurisdiction when they answered the first amended complaint in the above referenced matter. *See* A-174. Appellants in their opening papers now argue that the district court erred in considering the standard as if the Motion should have been considered on.

This court should find that appellants argument that they present in their opening brief is in fact not a new argument for appellants presented a similar argument in their opposition papers. Appellees are incorrect on the grounds that they filed their motion to dismiss on for they not only filed a Motion to Dismiss pursuant to Rule 12(b)(6) but also pursuant to Rule 12(b)(2). *See* A-137.To appellees Motion to Dismiss pursuant to Rule 12(b)(2), appellants argued that the court had jurisdiction over them for appellees answered the first amended complaint and in doing that, they waived the jurisdictional issue. Now appellants argue in their papers that due to appellees answering the First Amended Complaint and not moving to dismiss appellants find that the standard of dismissal should not have been under Rule 12(b)(6) for the second amended complaint was not that far off from the first amended complaint.

This court should find that the two arguments that appellants lay out in their opposition to appellees motion to dismiss and in their opening brief are similar in nature for they both argue that defendants have no right to file a Motion to Dismiss for the second amended complaint for they answered the first amended complaint and therefore they accepted the facts of that complaint. Further, the second amended complaint does not contain substantial new facts and for that reason the appellees filing a motion to dismiss under Rule 12(b)(6) was untimely.

### III.    Appellee's Second Amended Complaint Adequately Pleas for an Employer-Employee Relationship Against All Employers

This court should find that appellants have sufficiently plead that Appellees were their employers in the above referenced matter. The court, in deciding a Rule 12(b)(6) motion to dismiss a complaint, is required to accept all "well-pleaded factual allegations" in the complaint as true. *Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009) (en banc) ("Arar"), cert. denied, 560 U.S. 978, 130 S. Ct. 3409, 177 L. Ed. 2d 349 (2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although allegations that are "conclusory" are "not entitled to be assumed true," *Iqbal*, 556 U.S. at 681; *see, e.g., Twombly*, 550 U.S. at 554–55, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679; *see also id*. at 678 (a court is "not bound to accept as true a [pleading's] legal conclusion," but "for the purposes of a motion to dismiss [it] must take all of the factual allegations in the complaint as true"). The court must also "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff." *Arar*, 585 F.3d at 567; *see, e.g., Iqbal*, 556 U.S. at 678; *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that [for granting] a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics*, 259 F.3d 123, 126 (2d Cir. 2001).

Thus, the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side: Because plausibility is a standard lower than probability, a given set of actions may well be subject to diverging interpretations, each of which is plausible. *See generally Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985) ("two or more witnesses" may tell mutually inconsistent but "coherent and facially plausible stor[ies]"). The choice between or among plausible inferences or scenarios is one for the factfinder…. The choice between two plausible inferences that may be drawn from factual allegations is not a choice to be made by the court on a Rule 12(b)(6) motion. *Anderson News, L.L.C. v. American Media, Inc.*, 680 F.3d 162, 184–85 (2d Cir. 2012) ("Anderson News"), cert. denied, 568 U.S. 1087 (2013); *see, e.g., Todd v. Exxon Corp.*, 275 F.3d 191, 203 (2d Cir. 2001) ("fact-specific question[s] cannot be resolved on the pleadings"). "Rule 12(b)(6) does not countenance… dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted, *accord Lynch v. City of NY*, 952 F3d 67 (2d Cir 2020). Here this court should find that appellants sufficiently plead facts regarding appellees as their employers. Appellants in their Second Amended Complaint do not offer conclusionary statements but statements that have fact behind them for some of the allegations are directly from what the appellees testified in their deposition.

The court cannot find that Appellats' (as plaintiffs) second amended complaint is devoid of facts as to the Appellees; the Second Amended Complaint is just the First Amended Complaint with some additional factual allegations tacked onto it. Appellees argument is unavailing for the mere reason that how can Appellants Second Amended Complaint not contain sufficient factual allegations but appellants First Amended Complaint contain sufficient facts for appellees to the fact of them answering the complaint. If appellees believed that appellants complaint did not contain factual information, then they should have filed a motion to dismiss the First Amended Complaint for that would have had less factual allegation than the Second Amended Complaint.

### A. Appellants Make a Sufficient Showing that Individual Appellees Are their Employers

#### a. Appellants Sufficiently Allege an Employer-Employee Relationship with Appellee Escobar

This court should find that the lower court erred in finding that Appellants did not sufficiently allege an employee-employer relationship with appellee Escobar for appellants did have sufficient facts against him. Through appellants Second Amended Complaint this court can sufficiently find that Appellee Escobar is appellants employer and he meets the standard set for the employee-employer relationship.

The central question when analyzing who is an "employer" under the FLSA is "whether the alleged employer possessed the power to control the workers in question, . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999) (citing *Carter v. Dutchess Cmty. College*, 735 F.2d 8, 12 (2d Cir. 1984); *Goldberg v. Whitaker House Coop.*, 366 U.S. 28, 33 (1961)). "An allegation that a defendant 'is an owner or officer of a company… is insufficient' by itself, unless the defendant has 'control over a company's actual operations in a manner that relates to a plaintiff's employment.'" *Chen Lin v. Dolar Shop Rest. Grp., LLC*, No. 16-cv-02474, 2021 U.S. Dist. LEXIS 33009, 2021 WL 681075, at *7 (E.D.N.Y. Feb. 22, 2021) (Kovner, J.) (quoting *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013)). Courts evaluate whether defendants have the requisite control on "'a case-by-case basis,' based on a review of the 'totality of the circumstances.'" *Id.* (quoting *Irizarry*, 722 F.3d at 104). "[T]here is no requirement that the defendant 'continuous[ly] monitor[]' or exercise 'any sort of absolute control' over the plaintiff." *Drozd v. Vlaval Constr., Inc.*, No. 09-cv-05122 (SJ), 2011 U.S. Dist. LEXIS 156415, 2011 WL 9192036, at *5 (E.D.N.Y. Oct. 18, 2011) (quoting *Doo Nam Yang v. ABCL Corp.*, 427 F. Supp. 2d 327, 342 (S.D.N.Y. 2005)); *see Herman*, 172 F.3d at 139 ("[S]uch status does not require continuous monitoring of employees, looking over their shoulders at all times, or any sort of absolute control of one's employees.").

Courts commonly use the "economic reality test" set forth in *Carter v. Dutchess Cmty. College*, 735 F.2d 8 (2d Cir. 1984), in assessing whether an individual owner qualifies as plaintiff's employer. Under the "economic reality" test, courts consider the following factors to determine whether an individual is an employer: whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Herman*, 172 F.3d at 139 (citing *Carter*, 735 F.2d at 12). "This same analysis applies to claims brought under the NYLL." *Xue Lian Lin v. Comprehensive Health Mgmt.*, No. 08-cv-06519, 2009 U.S. Dist. LEXIS 29779, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009). No single factor from the "economic reality" test is dispositive of a defendant's status as an employer, nor are these factors exclusive. *See Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 71 (2d Cir. 2003); *Drozd*, 2011 WL 9192036, at *6; *see also Zimnicki v Krysiak Constr. Corp.*, No. 21-cv-04634 (RPK) (JRC), 2023 US Dist LEXIS 153602 (E.D.N.Y. Aug. 29, 2023). Here this court should find that appellants sufficiently plead that appellee Escobar meets the four factors.

As to the first factor regarding the power to hire and fire employees, plaintiffs allege in their complaint that appellee Escobar in fact hired the two plaintiffs for appellees. *See* A-076, ¶31. Appellees further state that appellee Escobar would bring

new workers to construction sites and fire workers when there was a shortage of projects. *Id,* ¶30. Appellee Escobar hired the supervisors who supervised his project and all the work sites that appellants worked at belonged to appellee Escobar. As to the second factor, as stated appellee Escobar was in charge of all the worksites and all the project supervisors would report to him regarding the hours of the workers and their schedules.

Regarding the third factor, appellee Escobar set the rate of pay for appellant Marco Antonio Perez Perez by promising him an hourly rate of eighteen ($18.00) dollars per hour. Further later in appellant Marco Antonio Perez Perez's employment, appellee Escobar promised to pay him at a rate of twenty-five dollars ($25.00) per hour. As to appellant Jose Eduardo Snachez Arias, appellee Escobar stated that he would pay him an hourly wage of seventeen ($17) dollars per hour but never paid him for all his hours. Additionally, appellants state that appellee Escobar owed money to all the constructions workers at one of the projects that they preformed work on. Finally as to the fourth factor the court should find that appellee Escobar kept time records for he provided tax forms to the appellants during their employment. Further as stated earlier, supervisors reported to appellee Escobar as to the Construction Workers hours that they worked. This court should find that not only appellants state sufficient allegations to show that appellee Escobar was one of appellants employers, the allegations are backed up by facts. The appellees argument

that appellants have conclusionary statements should be disregarded in it's entirety for the mere reason that appellants list close to thirty paragraphs in their Second Amended Complaint regarding appellee Escobar and his role with appellees. This court must accept all the allegations as true and accurate and when added altogether, the facts show that appellee Escobar was in fact the appellant's employer.

### b. Appellants Sufficiently Allege Employer-Employee Relationship with Appellee Palacios

The court should find that appellants can sufficiently show that appellee Palacios was also an employer to appellants in the above referenced matter. As an initial point, appellee Palacios was in charge of JRS Services LLC, but also performed work for Escobar Construction. Appellee tries to confuse the court by stating that appellants contradict themselves in their allegations, but this is not true for due to the corporations engaged in a single enterprise, workers while working for one corporation could also be working for a different corporation part of the enterprise. Further while appellee Palacios was part of JRS Services LLC, he constantly provided his services for Escobar Construction as a project manager and as subcontractor for to Palacios the companies were one in the same.

As for the first and second *Carter* factor, the court should find that appellee Palacios was in charge of appellants over the course of their employment and had the power to hire and fire them. While appellants allege that appellee Escobar hired then, during appellants employment appellee Palacios would hire them to preform

10

work for some of his projects that were also part of Escobar Construction but just fell under his company JRS Services LLC. Appellants state in their Second Amended Complaint that appellants were directly involved with appellee Palacios and that at some of the worksites they worked at he was their direct employer. *See* A-080 and A-081 Regarding the third *Carter* factor, appellants sufficiently allege that appellee palacios for time to time would pay appellants for their work that they performed. Specifically, appellee Palacios had the power to write out checks for JRS Services LLC and would distribute checks amongst the workers. Further Appellee Palacios would spilt the checks that he would provide to the appellants and other workers to avoid tax liability. Finally, as to the last *Carter* factor, the court should find that at times during appellants employment, appellee Palacious did keep and maintain records of appellants. In the Complaint, appellants allege that how he kept track of things was that he would jot things down on a piece of paper or draft an email and from that he would create the amount of hours and checks that needed to be distributed. The court should find that with the information provided by appellants there is sufficient information to show that appellee Palacios was appellants employer.

### c. Appellants Sufficiently Allege Employee-Employer Relationship with Appellee Alvarez

Appellants satisfy the first Carter factor, power to hire and fire. It is undisputed that appellee Alvarez had the power to hire and fire on behalf of nation

11

Construction Inc which is a single enterprise with the two other Corporate Defendants. Contrary to the Court's finding, appellee Alvarez averment that she "hired each of the construction workers on behalf of Nation Construction Inc" should be seen as a supporting that shows that appellee Alvarez has the power to hire and fire at the one of the worksites, Lafayette, Indiana. A-85 ¶ 111.

Appellants also satisfy the second Carter, supervising and controlling the employee work schedule or conditions of employment. First, not only did appellee hire Carol Baird as her direct supervisor on site, appellants adequately plea that she "controlled the employment condition at the work sites, and directed the progress of the workflow, including how many units need to be done by the due dates" at the Lafayette, Indiana work site. A-85 ¶ 113.

Appellants also satisfy the third Carter factor, determining the rate and method of payment. Appellee Alvarez averred that she set the pay for the construction workers on behalf of Nations Construction Inc A-85 ¶ 107. As to the fourth *Carter* factor, maintenance of employment records, appellants adequately plea that regardless of whether records were kept properly during the course of business or not, appellee Alvarez was in "charge of receiving the payments, paying the construction workers, and verifying that the job was done properly and correctly" at the Lafayette, Indiana worksite. That the employer "had the power to do so" goes hand in hand with a "finding of control" in the context of the case. *See Campos*,

12

2011 U.S. Dist. LEXIS 78905, at *15. The court should find that taking the facts most favorable to the appellant the facts show that appellee Alvarez was one of appellant's employers.

### B. Appellants Make a Plausible Showing that Corporate Appellees as a Whole were their Employers

The court should find that appellants make a sufficient showing that the corporate appellees were their Employers under the Single Integrated Enterprise theory. With appellants sufficiently showing that corporate appellees engaged in a single integrated enterprise, the court should find that this would all that would be needed to show that corporate appellees were appellants employers during their employment.

Although closely related, the single-employer and alter-ego doctrines differ slightly. The single employer doctrine applies to determine whether two concurrently ongoing businesses "are part of a single integrated enterprise" and therefore should be treated as one for purposes of the Act. *Lihli Fashions Corp. v. NLRB*, 80 F.3d 743, 747 (2d Cir. 1996). The Board focuses on four factors in making this determination: "interrelation of operations, common management, centralized control of labor relations and common ownership." *Id.* "[N]ot every factor need be present," however, to support a finding of single employer status, and "no particular factor is controlling." *Id.*; *see also NLRB v. Newark Elec. Corp.*, 14 F.4th 152 (2d

Cir. 2021). Here the court should find that appellants sufficiently show that corporate appellees meet the four factors and in turn engaged in a single integrated enterprise.

Appellants in their Second Amended Complaint state that corporate appellees shared staff and paid appellants using different corporate accounts and all the work that appellants preformed whether it was for appellee Nations Constructions or JRS Services LLC, were on sites that were ultimately owned by Escobar Construction. *See* A-086. Appellees themselves claim that corporate appellees JRS Services LLC and Nations Constructions were subcontractors to Escobar Construction and that the only projects that Nations Constructions worked on were projects that Escobar Construction had. Most importantly though appellee Escobar was the person responsible for all the constructions sites and the workers and the person behind the scenes making all the decisions.

Appellees are incorrect that the first argument should be disregarded for the mere reason that appellants referenced it in their opposition papers. At the end of appellants opposition section II, appellants refer to paragraph 116 and paragraph 116 has the statement regarding the sharing of staff. The appellees cannot now say that it was not brought up in appellants oppositions papers for appellants referenced to it in their opposition therefore the court should accept the argument. Further, contrary to what the appellees state, appellants argument in their opening brief all show how corporate appellees were in fact engaged in a single integrated enterprise. At all

points during appellants opening they show that appellee Escobar was the one that was the person that was the person who was interrelation of operations between the corporations, had common management throughout the companies, centralized control of labor relations and common ownership throughout the companies. The court must accept that the facts alleged in plaintiffs Second Amended Complaint are accurate to show that there was a single integrated enterprise between corporate appellees.

## CONCLUSION

For the foregoing reasons, Plaintiffs-Appellants respectfully request that the Second Circuit reverse the Southern District of New York's Order granting Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, and remand this matter to the Southern District of New York.

Dated: January 12, 2023

TROY LAW, PLLC

*/s/ John Troy*
John Troy
Aaron B. Schweitzer
Tiffany Troy
Troy Law, PLLC
41-25 Kissnea Boulevard, Suite 110
Flushing, NY 11355
(718) 762-1324
troylaw@troypllc.com
*Counsel for Plaintiffs-Appellants*

15

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 12th day of January 2024, I caused this Reply Brief of Plaintiff-Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all of the registered CM/ECF users:

I further certify that on this 12th day of January 2024, I caused the required number of bound copies of the Reply Brief of Plaintiff-Appellant to be filed with the Clerk of the Court.


*/s/John Troy*
*Counsel for Plaintiff-Appellant*

# CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

    [ X ]  this brief contains [3,523] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [    ]  this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [ X ]  this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2016*] in [*14pt Times New Roman*], *or*

    [    ]  this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: January 12, 2024                    */s/ John Troy*
                                            *Counsel for Plaintiff-Appellant*


17